SARA HEDGPETH-HARRIS (SBN 124114)
sara.hedgpeth-harris@centralcallegal.org
MARCOS SEGURA (SBN 303122)
msegura@centralcallegal.org
RUBEN LUIS GARCIA (SBN 317512)
lgarcia@centralcallegal.org
CENTRAL CALIFORNIA LEGAL SERVICES
2115 Kern Street, Suite 200
Fresno, CA  93721
Telephone: (559) 570-1200
Facsimile: (559) 570-1254

Attorneys for Plaintiffs Alejandro Montijo, Jr. and Joseph Banuelos, Jr.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alejandro Montijo, Jr. & Joseph Banuelos, Jr., as individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>Steven R. Hrdlicka.<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. § 1692,** *et seq.*<br>2. **California Business & Professions Code § 17200**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice given that Defendant

systematically and continuously does business in the State of California and was doing such business with respect to the facts that arise in this case.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within the Eastern District of California.

## INTRODUCTION

4. Plaintiffs Alejandro Montijo, Jr. and Joseph Banuelos, Jr. bring this action to challenge the acts of Defendant Steven R. Hrdlicka regarding his attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiffs pursuant to a residential lease agreement, which caused Plaintiffs damages in the process.

5. This civil action seeks actual and statutory damages, attorney's fees and costs pursuant to the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and it seeks injunctive relief pursuant to California's Unfair Competition Law ("UCL"), Business and Professions Code Section 17200 *et seq.*, which forbids unlawful and unfair business practices.

6. Defendant operates the most prolific full-service eviction and debt collection practice in the Central Valley, with the vast majority of his work in Fresno County. Between 2007 and 2016, 39,418 unlawful detainer ("UD") cases were filed in Fresno County Superior Court. Defendant filed and prosecuted 10,099 cases (26%) against Fresno County tenants on behalf of landlord-creditors during this time frame.

7. By contrast, Fresno County tenants were represented by an attorney in only 83 UD cases (<1%) between 2007 and 2016.

8. In 2016, 4,357 UDs were filed against Fresno County tenants in Fresno Superior Court. The vast majority of UD cases were filed by attorneys on behalf of landlords, with 62% of cases disposed of by default. In default cases, the attorney either files a request for the clerk to enter a default judgment for a writ of possession because the tenant failed to file an answer, or, the attorney files a request for the judge to issues a default judgment for writ of possession because the tenant failed to appear

for trial.  Fresno County has the highest eviction default rate in California.

9. In this case, Defendant took advantage of his position as an officer of the court and requested alleged amounts due by default court judgment – even though Plaintiffs filed an answer and appeared at trial - and without notice to Plaintiffs of the judicial proceeding.  Defendant falsely represented the amount and legal status of the alleged debt and proceeded in a way patently prohibited by law in order to secure a judgment for amounts not authorized by law, all in violation of the FDCPA and UCL.

10. This is one of Defendant's standard debt collection practices.

11. Defendant's actions were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations of the law.

## PARTIES

12. Plaintiff Alejandro Montijo, Jr. is a natural person, an adult, and at all times relevant to this action was a resident of Fresno County, California.

13. Plaintiff Joseph Banuelos, Jr. is a natural person, an adult, and at all times relevant to this action was a resident of Fresno County, California.

14. Defendant Steven R. Hrdlicka (SBN No. 117557) is an attorney licensed to practice law in California.

15. Defendant is the sole proprietor of the Law Offices of Steven R. Hrdlicka, a for profit law firm specializing in prosecuting UD cases and collecting debts on behalf of third-party creditors.

## STATUTORY FRAMEWORK

16. Congress enacted the FDCPA to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

///

///

17. The FDCPA is a strict liability statute that must be read liberally to enhance its remedial nature. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d at 1175-76.

## FACTUAL BACKGROUND

18. Plaintiffs are former tenants at 4073 N. Fruit Avenue, unit 121, Fresno, California, an apartment complex owned and managed by Conam Management Corporation ("Conam").

19. On August 31, 2018, Defendant filed a UD complaint on behalf of Conam against Plaintiffs in Fresno County Superior Court, Case No. 18CECL09077.

20. Defendant verified the complaint and represented Conam throughout the UD proceedings.

21. Plaintiffs timely filed an answer to the complaint and a trial on the merits took place on October 9, 2018.

22. Only two issues were before the Court: whether Conam was entitled to possession of the subject property and whether Plaintiffs were obligated to pay past due rent, *i.e.*, holdover damages.

23. At the conclusion of the trial, the Court entered a judgment in favor of Conam for possession only; the Court did not award holdover damages or any other monetary relief.

24. As ordered, Plaintiffs vacated the property on October 24, 2018.

25. Plaintiffs subsequently struggled to secure new housing.

26. One prospective landlord was willing to rent to them even after Plaintiffs disclosed the October 9, 2018 judgment for possession. However, before they signed the lease, the prospective landlord refused to rent to them because their credit report showed that they owed money to a prior landlord based upon a judgment for monetary damages.

27. This was the first time Plaintiffs learned of any judgment for damages against them.

///

28. Plaintiffs subsequently confirmed that a default judgment was entered against them on January 29, 2019, over three months after trial on the merits.

29. The default judgment awarded Conam $2,736.60 in monetary relief: $696.60 in holdover damages, $1,350 in attorneys' fees, and $690.00 in court costs.

30. Defendant did not file a memorandum of costs or a properly noticed motion for reasonable attorneys' fees.

31. Defendant did not give any prior notice of the January 29, 2019 proceedings to Plaintiffs. The proceeding took place in their absence.

32. The court granted monetary relief based upon Defendant's misrepresentation that he was simply "proving-up" a default judgment.

33. Defendant did not tell the Court about the October 9th trial and judgment.

34. Instead, as Defendant was proving up 17 ostensibly default cases[1] to the court, Defendant took just twenty-three seconds to simply read the amount of damages into the record.

35. Defendant prepared the judgment form, which falsely states that relief is awarded pursuant to a default entered by the court's clerk as a result of Plaintiffs' failure to respond to the unlawful detainer complaint.

36. Defendant presented the fraudulent default judgment to the court for signature and filed it with the court's clerk.

37. Subsequently, Plaintiffs were successful on a motion to vacate the fraudulent January 29, 2019 default judgment.

38. Defendant admits that it was his standard practice in UD cases to collect fees, costs and holdover damages in this manner.

39. Defendant's unlawful actions have had significant consequences for Plaintiffs.

40. The fraudulent judgment was reflected in their rental history and credit reports which, in turn, marked them as high-risk renters.

---

[1] Given that Defendant admits that this was his standard practice, Plaintiffs believe that other "default judgments" for monetary relief may have been obtained in the same fraudulent manner.

41. Consequently, Plaintiffs' rental applications were denied over and over, forcing them to spend hundreds of dollars in gas and application fees in their quest to secure a new apartment.

42. Plaintiffs struggled for nearly half a year from the time the fraudulent judgment was entered before they finally secured a new place to live.

43. Until then, Plaintiffs, two grown adult men, were forced to live with family.

44. Having their rental applications constantly rejected, having to inconvenience others, and the loss of their privacy caused Plaintiffs embarrassment, fear, and anxiety.

45. Plaintiff Joseph Banuelos, Jr. in particular fell into a deep depression that required therapy he still needs to this day.

## FIRST CAUSE OF ACTION

## Violation of Federal Debt Collections Practices Act

## (15 U.S.C. § 1692 *et seq.*)

46. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in the paragraphs above.

47. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

48. The debt was allegedly owed pursuant to specific provisions of a residential lease of an apartment unit that served as Plaintiffs' sole residence for nearly five years and is therefore a "debt" as that term is defined at 15 U.S.C. § 1692a(5).

49. Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3).

50. Defendant falsely represented the character, amount, or legal status of a debt in violation 15 U.S.C. § 1692e(2)(A).

51. Defendant took actions that cannot legally be taken in violation of 15 U.S.C. § 1692e(5),

52. Defendant used false representations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

53. Defendant used unfair or unconscionable means to collect or attempt to collect at debt in violation of 15 U.S.C. § 1692f(1).

54. As a proximate result of Defendant's violations, Plaintiffs have suffered damages, including but not limited to damages for emotional distress, damages related to injury to credit histories and credit scores, and other monetary and nonmonetary damages.

55. Defendant's actions were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations of the law.

## SECOND CAUSE OF ACTION
## Violation of the Unfair Competition Law
## (Cal. Bus. & Prof. Code § 17200, *et seq*.)

56. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in the paragraphs above.

57. Defendant is a business within the meaning of California Business & Professions Code § 17200 *et seq*. ("UCL").

58. Each of Defendant's violations of the FDCPA constitutes a predicate violation, which supports a claim under the "unlawful" prong of California Business and Professions Code § 17200.

59. Each of Defendant's various dishonest, bad faith, unfair and unreasonable actions and statements constitute "unfair" acts or practices under § 17200.

60. Plaintiffs suffered substantial injuries as a proximate result of Defendant's unlawful and unfair business acts and practices.

61. There are reasonable alternatives to further Defendant's legitimate business interests other than the unfair conduct described herein.

62. Defendant's unlawful and unfair business practices present a continuing threat to members of the public in that Defendant admits that they are his standard business practices.

63. Defendant's abusive collection tactics will continue unabated unless Defendant is ordered to cease the collection practices herein described.

///

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A judgment that Defendant violated the FDCPA, 15 U.S.C. § 1692, *et seq.* and California Business and Professions Code § 17200.

2. Pursuant to California Business and Professions Code § 17203, an order and judgment prohibiting Defendant, its agents, employees, successors, and all other persons in active concert or participation with Defendant from engaging in the unlawful and unfair business acts and practices set forth in this complaint and subject to proof, including utilizing proceedings for default judgments in order to obtain attorney fees, costs, or damages in UD cases in which the defendant has not defaulted.

3. Pursuant to 15 USC § 1692k(a)(2)(A), $1,000 in statutory damages for each of Defendant's FDCPA violations;

4. Pursuant to 15 U.S.C. § 1692k(a)(1), actual damages in an amount to be determined at trial.

5. Restitution;

6. An order awarding Plaintiffs all of their litigation costs associated with this proceeding, and all reasonable attorney's fees as provided by law;

7. Interest, to the extent permitted by law; and

8. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

Dated:  January 22, 2020                     CENTRAL CALIFORNIA LEGAL SERVICES

                                             /S/  Marcos Segura
                                             Marcos Segura
                                             Attorneys for Plaintiffs